IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



LARRY E. PATTERSON, *et al.*,

    Plaintiffs,

v.                                                                                                     Civil Action No. 3:08CV490

TIMOTHY M. KAINE, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiffs Larry Patterson and James Clark, proceeding *pro se*, brought this 42 U.S.C. § 1983 action. On December 3, 2009, the Magistrate Judge recommended that Plaintiffs' claims be dismissed. Plaintiffs filed an amended complaint. On March 11, 2010, the Court dismissed the action with prejudice. On March 17, 2010, Plaintiffs filed a motion to reconsider the Court's judgment of dismissal.[1] In the motion, Plaintiffs explain that they "move to have this matter dismissed without prejudice, since this action was filed on August 1st, 2008, and all filing fees paid by October, 2008, but the Defendants to date have never been served. Additionally, matters complained of, stem from actions/inactions that occur in 2008." (Mot. to Reconsider Final Order 1.)

The Court evaluates Plaintiffs' motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See Dove v. Codesco*, 569 F.2d 807, 809 (4th Cir. 1978) ("[I]f a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally

---

[1] Pursuant to *Houston v. Lack*, 487 U.S. 266 (1988), an inmate's motion is deemed filed on the date it is handed to prison staff for mailing.

styled." (*citing Carson v. Am. Sav. Life Ins. Co.*, 15 Fed. Rules Serv. 2d 1326 (4th Cir. 1972))).

"Rule 59(e) permits a court to amend a judgment within ten days for three reasons: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997) (*quoting Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). In other words, it is a means by which the district court can correct its own mistakes, thereby "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.1998) (quotation omitted). Plaintiffs have not identified any grounds for granting relief from the March 11, 2010 Order. Plaintiffs' motion to reconsider will be DENIED.

An appropriate order will issue.

And it is so ORDERED.

/s/
James R. Spencer
Chief United States District Judge

Date: 6-1-10
Richmond, Virginia

2